IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| GLEN EARL NOBLES, #1217237 | § |
| | § |
| V. | § CIVIL ACTION NO. G-05-443 |
| | § |
| DOUG DRETKE, DIRECTOR, | § |
| TEXAS DEPARTMENT OF CRIMINAL | § |
| JUSTICE-INSTITUTIONAL DIVISION | § |

**REPORT AND RECOMMENDATION**

Before the Court is the Application of Glen Earl Nobles for the issuance of a Writ of Habeas Corpus. Petitioner challenges disciplinary case number 20050212254, in which he was punished with a loss of fifteen days commissary privileges; loss of contact visits and phone privileges; and, a reduction in time-earning class status to Line-2. The specificity with which he has pleaded his claim makes it unnecessary, in this Court's opinion, to order the records of the challenged disciplinary proceeding from the State Attorney General. Having carefully reviewed Petitioner's Application, this Court makes the following Report and Recommendation to the District Court.

An application for writ of habeas corpus is the proper vehicle in which to protest a disciplinary proceeding that results in the loss of good time credits, which could conceivably lengthen an inmate's duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1972). In this case, however, Petitioner lost no good time, only a loss of time-earning class status and a brief loss of privileges. A brief and temporary loss of privileges does not pose an atypical or significant hardship beyond the ordinary incidents of prison life. It merely constitutes a minimal and temporary change in conditions of confinement and does not, therefore, trigger the protections afforded by the Due Process Clause. *See Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997).

A claim for a reduction in time-earning class status or inability to attain an increased status also fails to qualify for federal habeas relief. The subsequent possible loss of "the mere opportunity to earn good time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause." *Luken v. Scott*, 71 F.3d 192, 193 (1995), *cert. denied*, 517 U.S. 1196 (1996). The possibility that the reduction in Petitioner's time-earning class status would affect his ultimate release date from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472 (1995)). "These are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Madison*, 104 F.3d at 767-68. For this reason, Petitioner's claims are not eligible for federal habeas relief and must be dismissed.

Regarding Petitioner's claim that the challenged disciplinary proceeding has adversely affected his eligibility for parole, he still has not stated a claim that invokes due process. While procedures relative to parole may affect his duration of confinement, it is well settled that the Texas parole statutes do not confer a liberty interest. "It follows that because [the petitioner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). Therefore, to whatever extent the challenged disciplinary proceeding affects Petitioner's eligibility for parole, his due process rights have not been violated.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the Petitioner's Application for Writ of Habeas Corpus be **DENIED and this case be dismissed with prejudice**.

The Clerk shall send a copy of this Report and Recommendation to the Petitioner by the means in place for transmission of same. The Petitioner shall have until **September 12, 2005,** in which to have written objections **physically on file** in the Office of the Clerk. The objections shall be mailed

to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____29th____ day of August, 2005

John R. Froeschner
United States Magistrate Judge